## J. W. GRAVES CO. v. FOSTER.

No. 7550. Opinion Filed May 16, 1916.

(157 Pac. 916.)

**APPEAL AND ERROR—Assignments of Error—Sufficiency.** Where plaintiff in error fails to assign as error, in his petition filed in this court, the overruling of a motion for a new trial, no question which seeks to have reviewed errors alleged to have occurred during the progress of the trial in the court below is properly presented to this court, and such alleged errors cannot therefore be considered.

(Syllabus by Hooker, C.)

*Error from County Court, Kiowa County;*
*J. S. Carpenter, Judge.*

Action by C. W. Foster against the J. W. Graves Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*Morse, Standeven & Willingham,* for plaintiff in error.

*Keys & Keys,* for defendant in error.

Opinion by HOOKER, C. C. W. Foster sued the Graves Company, a corporation, in the county of Kiowa, to recover money alleged to be due to him by it. The defendant filed an answer and counterclaim, which consisted of a general denial, and sought by way of counterclaim to recover against Foster for losses on cotton for the season 1913-14, alleging that by virtue of an agreement existing between it and Foster, Foster was to pay the same, but had failed so to do. Upon the trial the plaintiff introduced evidence to sustain the allegations of his petition, and thereupon the defendant, the J. W. Graves Company, sought to introduce evidence to sustain the allegations of its counterclaim, seeking to establish an indebtedness due it by Foster, as prayed for and set forth in said counterclaim, but the court sustained an objection to the introduction of said evidence, and judgment was rendered in favor of the plaintiff below and against the company for the amount sued for. The petition in error filed in this cause contains the following assignments of error:

First. That said court erred in sustaining the objection of defendant in error to the introduction of any evidence by plaintiff in error under the counterclaim which plaintiff in error had pleaded, which counterclaim is set out in full in the answer filed in said action, and appears on page 2 of the case-made attached to this petition in error, and marked Exhibit A, which objection appears in full on page 42 of the case-made, to which ruling of the court plaintiff in error duly excepted at the time, as appears on page 42 of the case-made.

Second. That said court erred in refusing to sustain the motion of plaintiff in error to dismiss the action of plaintiff for the reason that, according to plaintiff's contention, the claim would be one between partners and no showing of an accounting had been made, which motion

appears in full on page 42 of the case-made, and to which ruling of said court plaintiff in error 'duly excepted at the time, as appears from page 43 of the case-made.

It will be noted that the action of the trial court in overruling the motion for a new trial has not been assigned as error in the petition in error filed in this court. This court has repeatedly and uniformly held that this omission is fatal when it is sought to have this court review the errors alleged to have been committed during the progress of the trial in the court below.

Therefore, under the authority of this court as expressed in *Lamb v. Milne et al.*, 51 Okla. 342, 151 Pac. 1060, and *Lewis v. Lynde-Bowman-Darby Co.*, reported in 51 Okla. 271, 151 Pac. 1045, the judgment of the trial court is affirmed.

By the Court: It is so ordered.